DEN *ex dem.* THOMAS PETERSON, DODO PETERSON, JOSIAH SPARKS AND WIFE, and others *against* JOHN BOQUA and DAVID SMITH.

This court will not order the plaintiffs to give security for costs upon the ground that but one of the plaintiffs resides in this state, and that he had several years before the commencement of the suit taken the benefit of the insolvent law.

*A. L. Eakin*, in behalf of the defendants, produced an affidavit showing that all the lessors of the plaintiff, except Josiah Sparks and wife, are residents of the states of Pennsylvania and Delaware, and that Sparks was insolvent, and had been discharged under the insolvent laws in 1820; and thereupon moved that the proceedings in the cause be stayed until security be given for the payment of costs. It was contended that although the case did not come within the words of the statute, yet that it was within the equitable principles by which the action of ejectment is regulated.

*F. L. Macculloch,* for the plaintiff. Although Sparks, one of the plaintiffs, may have been insolvent in the year 1820, yet he may be perfectly solvent at this time. The affidavit does not bring the case within the statute, and at this stage of the cause an ejectment is not within the especial control of the court, but is to be governed by the same rules as other actions.

*G. D. Wall* replied.

Den *v.* Smith.

BY THE COURT. The fact of insolvency, if we are authorized to extend the provision of the statute, on principles of equitable construction, is not sufficiently made out. Though insolvent in 1820, the time to which the affidavit relates, Sparks may be quite otherwise in 1827, when this suit was commenced. In a case reported in *Penn. Rep.* 866, this court overruled an application for security for costs, one of the several lessors of the plaintiff being a resident in the state.

                                   Motion overruled.